**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**JOHN MOSLEY,**

    **Plaintiff,**

v.                                                                                    Case No.: 8:16-cv-2086-T-33AAS

**BAYVIEW LOAN SERVICING, LLC,**

    **Defendant.**
_____/

**REPORT AND RECOMMENDATION**

Before the Court are Defendant Bayview Loan Servicing, LLC's ("Defendant's") **Motion for Prevailing Party Attorney's Fees and Costs** (Doc. 12), Plaintiff John Mosley's ("Plaintiff's") **Response in Opposition to the Defendant's Motion for Prevailing Party Attorney's Fees and Costs** (Doc. 18), and **Defendant's Reply in Support of its Motion for Prevailing Party Attorney's Fees and Costs** (Doc. 21).

**I.**    **Background**

According to Defendant, on December 19, 2014, a Final Judgment of Foreclosure was entered against Plaintiff in the amount of $212,704.34. On February 27, 2015, Plaintiff executed a Deed in Lieu of Foreclosure, deeding all interest in the property at issue to Defendant, along with a Deed in Lieu of Foreclosure Agreement (the "Agreement") (Doc. 12 Ex. 1).

In pertinent part, the Agreement contained a provision stating, "Transferor shall have no right, title, lien, or claim, now or hereafter, on or against the Real Property or Transferee, all other rights, titles, liens, and claims of Transferor, by agreement, at law, or in equity are expressly waived[.]" (Doc. 12 Ex. 1 ¶ 8.1.18).

On June 24, 2016, Plaintiff filed the instant lawsuit in Pinellas County, alleging that

1

Defendant failed to comply with the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605(k) ("RESPA"). Defendant removed the lawsuit to this Court on July 20, 2016 (Docs. 1, 2) and responded to the Complaint on July 22, 2016 (Doc. 9). After Defendant served Plaintiff's counsel with a twenty-one day safe harbor letter and proposed motion for sanctions, based on the Agreement and pursuant to Rule 11, Fed. R. Civ. P., Plaintiff dismissed the action with prejudice on July 27, 2016. (Docs. 10-11). Defendant now seeks attorney's fees in the amount of $9,709.50 and costs in the amount of $426.48.

**II.    Analysis**

The Federal Rules of Civil Procedure provide for the award of attorney's fees and costs to the prevailing party in an action. Fed. R. Civ. P. 54(d). Regarding costs, the rule states that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). A motion for attorney's fees must

> (i) be filed no later than 14 days after the entry of judgment;
> (ii) specify the judgment and the statute, rule, or other grounds entitling the movant to the award;
> (iii) state the amount sought or provide a fair estimate of it; and
> (iv) disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made.

Fed. R. Civ. P. 54(d)(2)(B).

Plaintiff challenges Defendant's request for attorney's fees and costs on the ground that RESPA does not provide for the award of fees or costs to prevailing servicers, only to prevailing borrowers. *See* 12 U.S.C. § 2605(f). However, Plaintiff's argument is misplaced, as Defendant does not seek fees pursuant to RESPA. Instead, Defendant seeks attorney's fees pursuant to the following provision in the Agreement, which provides:

2

> If either Party commences an action against the other to enforce any of the terms of this Agreement or because of the breach by either Party of any of the terms of this Agreement, the Prevailing Party (as defined in this Section) in such action shall be entitled to recover his, her, or its attorneys' fees and costs and expenses incurred in connection with the prosecution or defense of such action, including any appeal of that action, in addition to all other relief.

(Doc. 12 Ex. 1 ¶ 19). Defendant contends that the attorney's fees provision applies because Plaintiff breached the Agreement by filing a claim against Defendant, notwithstanding that Plaintiff waived his right to file such a claim by signing the Agreement. (*See* Doc. 12 Ex. 1 ¶ 8.1.18). Defendant also argues, citing *Martinez v. TRG Oasis (Tower Two) Ltd., LP*, No. 2:08-cv-611-FtM-29SPC, 2009 WL 774094, at *1 (M.D. Fla. Mar. 19, 2009), that a court may properly award attorney's fees under Florida law to a defendant who prevailed on the basis of a voluntary dismissal when the attorney's fees are based on a contractual provision. Plaintiff, on the other hand, contends that because his claims arose out of RESPA, and not the Agreement, Defendant is not entitled to an award of fees and costs pursuant to the Agreement.

"Florida courts strictly construe contractual attorney's fee provisions." *Warfield v. Stewart*, 434 F. App'x 777, 784 (11th Cir. 2011). Here, a plain reading of the Agreement's attorney's fee provision demonstrates that the provision does not apply. Plaintiff did not commence the action "to enforce the terms of [the] Agreement" or "because of the breach by either Party of any of the terms of [the] Agreement." (Doc. 12 Ex. 1 ¶ 19). Instead, Plaintiff alleged violation of RESPA.

Moreover, to the extent Defendant argues, citing *Martinez v. TRG Oasis (Tower Two) Ltd., LP*, No. 2:08-cv-611-FtM-29SPC, 2009 WL 774094, at *1 (M.D. Fla. Mar. 19, 2009), that Defendant is a prevailing party under Florida law, *Martinez* is distinguishable. In *Martinez*, the court determined that the defendants were prevailing parties where the agreement at issue provided for attorney's fees to the prevailing party, Florida law applied, and Florida law provided that a

3

defendant was considered a prevailing party when the plaintiff voluntarily dismissed the claim. The agreement in *Martinez* specifically stated, "[i]n the event of any litigation between the parties under this Agreement, the prevailing party shall be entitled to reasonable attorneys', paralegals and para-professionals fees and court costs at all trial and appellate levels[]" and that "[a]ny disputes that develop under this Agreement will be settled according to Florida law." *Id.* (quotation marks and docket citations omitted).

Unlike in *Martinez*, the attorney's fees provision in this case specifically defines "prevailing party." According to the Agreement, "'Prevailing Party' within the meaning of this Section shall include, without limitation, a Party who *brings an action* against the other Party for sums allegedly due or performance of covenants allegedly breached *and obtains substantially the relief sought* by it in the action." (Doc. 12 Ex. 1 ¶ 19 (emphasis added)). Because Defendant did not bring an action against Plaintiff and obtain the relief sought, Defendant is not a prevailing party pursuant to the Agreement. *See Parra v. Minto Townpack, LLC*, No. 08–14168–CIV, 2009 WL 2602678, at *2 (S.D. Fla. Aug. 21, 2009) (citing *Ajax Paving Indus., Inc. v. Hardaway Co.*, 824 So. 2d 1026, 1029 (Fla. 2d DCA 2002)) ("In the absence of a specific or limiting provision [in the agreement at issue], general law regarding prevailing party status upon voluntary dismissal applies.").

### III. Conclusion

As the Agreement's attorney's fee provision does not apply, and Defendant is not a "Prevailing Party" pursuant to the Agreement's definition, it is **RECOMMENDED** that Defendant's Motion for Prevailing Party Attorney's Fees and Costs (Doc. 12) be **DENIED**.

**Date: January 5, 2017.**

*[signature: Amanda Arnold Sansone]*

AMANDA ARNOLD SANSONE
United States Magistrate Judge

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of this service shall bar an aggrieved party from attacking the factual findings on appeal. *See* 28 U.S.C. § 636(b)(1).

Copies to:
Counsel of Record
District Judge